**Dan Juan ZOU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2010–ag.**

United States Court of Appeals,
Second Circuit.

July 24, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Drew H. Wrigley, United States Attorney for the District of North Dakota, Christopher M. Myers, Assistant United States Attorney, Fargo, North Dakota, for Respondent.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Dan Juan Zou, through counsel, petitions for review of the April 2004 BIA decision denying her motion to reconsider its earlier decision, which summarily affirmed the IJ's denial of her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34.

In their briefs in this case, both petitioner and respondent discuss only the BIA's February 2004 affirmance of the IJ's denial of asylum, rather than its April 2004 denial of the motion to reconsider. However, Zou's petition for review was timely only as to the latter decision. *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review "must be filed not later than 30 days after the date of the final order of removal"); *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (a BIA decision affirming the denial of a asylum and a decision denying a motion are separate final orders, requiring separate petitions for review). Any challenge to the April 2004 decision is therefore waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). Our review of the BIA's decision leads us to conclude that the BIA did not abuse its discretion in denying Zou's motion to reconsider when she failed to identify any errors in its previous decision,

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

but merely restated the same arguments that the BIA had already considered and rejected in her appeal. *See Jin Ming Liu,* 439 F.3d at 111.

_____ For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).